UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert Lee SMITH Jr., <br><br> Petitioner, <br><br> v. <br><br> Kevin CHAPPELL, <br> Acting Warden of San Quentin State Prison, <br><br> Respondent. | Case Number 5-11-cv-3062-EJD <br><br> <u>DEATH-PENALTY CASE</u> <br><br> ORDER GRANTING SECOND MOTION FOR EQUITABLE TOLLING & MOTION TO ACCEPT LATE FILING OF RESPONSE <br><br> [Docs. Nos. 23, 25–27, & 29] |

Petitioner's capital habeas petition is currently due on September 28, 2012. Petitioner has filed a Second Motion for Equitable Tolling, in which he seeks an extension to November 28, 2012.

Petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Petitioner claims, inter alia, that he diligently sought from the Court funding for investigative and expert services that are reasonably necessary to prepare his petition, but delays in obtaining such funding have made it impossible for him to file his petition in a timely manner.

Petitioner generally challenges the budget process that private counsel representing

condemned prisoners are required to follow in capital habeas actions in the District Courts of the Ninth Circuit. The Court rejects Petitioner's arguments in this regard, as the Court has an obligation to ensure that public funds are not wasted.

However, budgeting the present action has been particularly and unusually time-consuming. As a result, Petitioner's budget is finally being approved (with virtually all of the hours and expenses requested by Petitioner being granted) during the week that the petition is currently due. It is therefore simply impossible for Petitioner to complete his petition before the current deadline; Petitioner needs two additional months.

The Court finds and concludes that Petitioner has been pursuing his rights diligently yet extraordinary circumstances stand in his way and prevent timely filing of his capital habeas petition. Accordingly, the Court grants Petitioner's Second Motion for Equitable Tolling, (Docs. Nos. 23 & 25); the Court need not consider Petitioner's additional arguments in support of his Motion. Petitioner shall file his finalized petition on or before November 28, 2012. The Court does not anticipate that additional equitable tolling will be warranted.

Although Petitioner has been diligent in attempting to prepare his petition, he was not diligent in moving for additional equitable tolling. As a result, Respondent was unfairly burdened in responding to Petitioner's motion; Respondent nonetheless responded promptly and professionally in a particularly praiseworthy manner. Accordingly, the Court grants Respondent's Motion to Accept Late Filing of Response in Opposition to Petitioner's Second Motion for Equitable Tolling, (Docs. Nos. 27 & 29); the Clerk shall terminate as moot the parties' related Stipulation and Proposed Order to Shorten Time, (Doc. No. 26). Petitioner is admonished to file future motions in a timely manner.

*It is so ordered.*

DATED: September 25, 2012

_____
EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE SMITH, JR., | Case Number: CV11-03062 EJD |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MICHAEL MARTEL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
Federal Court Docketing
101 Second Street Suite 600
San Francisco, CA 94105

Michael David Laurence
Habeas Corpus Resource Center
303 Second Street Suite 400
San Francisco, CA 94107

Robert Lee Smith H-95100
San Quentin State Prison
San Quentin, CA 94974

Dated: September 25, 2012

                                                   Richard W. Wieking, Clerk
                                                   /s/ By: Elizabeth Garcia, Deputy Clerk

3

Case No. 5-11-cv-3062-EJD
ORDER GRANTING 2D MOT. FOR EQUITABLE TOLLING & MOT. TO ACCEPT LATE FILING OF RESPONSE
(DPSAGOK)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert Lee SMITH Jr., | Case Number 5-11-cv-3062-EJD |
| Petitioner, | DEATH-PENALTY CASE |
| v. | ORDER GRANTING SECOND MOTION FOR EQUITABLE TOLLING & MOTION TO ACCEPT LATE FILING OF RESPONSE |
| Kevin CHAPPELL, Acting Warden of San Quentin State Prison, | |
| Respondent. | [Docs. Nos. 23, 25–27, & 29] |

Petitioner's capital habeas petition is currently due on September 28, 2012. Petitioner has filed a Second Motion for Equitable Tolling, in which he seeks an extension to November 28, 2012.

Petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Petitioner claims, inter alia, that he diligently sought from the Court funding for investigative and expert services that are reasonably necessary to prepare his petition, but delays in obtaining such funding have made it impossible for him to file his petition in a timely manner.

Petitioner generally challenges the budget process that private counsel representing

1  condemned prisoners are required to follow in capital habeas actions in the District Courts of the
2  Ninth Circuit. The Court rejects Petitioner's arguments in this regard, as the Court has an
3  obligation to ensure that public funds are not wasted.

4  However, budgeting the present action has been particularly and unusually time-
5  consuming. As a result, Petitioner's budget is finally being approved (with virtually all of the
6  hours and expenses requested by Petitioner being granted) during the week that the petition is
7  currently due. It is therefore simply impossible for Petitioner to complete his petition before the
8  current deadline; Petitioner needs two additional months.

9  The Court finds and concludes that Petitioner has been pursuing his rights diligently yet
10 extraordinary circumstances stand in his way and prevent timely filing of his capital habeas
11 petition. Accordingly, the Court grants Petitioner's Second Motion for Equitable Tolling, (Docs.
12 Nos. 23 & 25); the Court need not consider Petitioner's additional arguments in support of his
13 Motion. Petitioner shall file his finalized petition on or before November 28, 2012. The Court
14 does not anticipate that additional equitable tolling will be warranted.

15 Although Petitioner has been diligent in attempting to prepare his petition, he was not
16 diligent in moving for additional equitable tolling. As a result, Respondent was unfairly
17 burdened in responding to Petitioner's motion; Respondent nonetheless responded promptly and
18 professionally in a particularly praiseworthy manner. Accordingly, the Court grants
19 Respondent's Motion to Accept Late Filing of Response in Opposition to Petitioner's Second
20 Motion for Equitable Tolling, (Docs. Nos. 27 & 29); the Clerk shall terminate as moot the
21 parties' related Stipulation and Proposed Order to Shorten Time, (Doc. No. 26). Petitioner is
22 admonished to file future motions in a timely manner.

*It is so ordered.*

26 DATED: September 25, 2012  
 _____  
 EDWARD J. DAVILA  
27 United States District Judge

2

Case No. 5-11-cv-3062-EJD
ORDER GRANTING 2D MOT. FOR EQUITABLE TOLLING & MOT. TO ACCEPT LATE FILING OF RESPONSE
(DPSAGOK)

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE SMITH, JR.,

    Plaintiff,

v.

MICHAEL MARTEL et al,

    Defendant.

Case Number: CV11-03062 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
Federal Court Docketing
101 Second Street Suite 600
San Francisco, CA 94105

Michael David Laurence
Habeas Corpus Resource Center
303 Second Street Suite 400
San Francisco, CA 94107

Robert Lee Smith H-95100
San Quentin State Prison
San Quentin, CA 94974

Dated: September 25, 2012

                                  Richard W. Wieking, Clerk
                                  /s/ By: Elizabeth Garcia, Deputy Clerk

3

Case No. 5-11-cv-3062-EJD
ORDER GRANTING 2D MOT. FOR EQUITABLE TOLLING & MOT. TO ACCEPT LATE FILING OF RESPONSE
(DPSAGOK)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Robert Lee SMITH Jr., | Case Number 5-11-cv-3062-EJD |
| Petitioner, | <u>DEATH-PENALTY CASE</u> |
| v. | ORDER GRANTING SECOND MOTION FOR EQUITABLE TOLLING & MOTION TO ACCEPT LATE FILING OF RESPONSE |
| Kevin CHAPPELL, Acting Warden of San Quentin State Prison, | |
| Respondent. | [Docs. Nos. 23, 25–27, & 29] |

Petitioner's capital habeas petition is currently due on September 28, 2012. Petitioner has filed a Second Motion for Equitable Tolling, in which he seeks an extension to November 28, 2012.

Petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Petitioner claims, inter alia, that he diligently sought from the Court funding for investigative and expert services that are reasonably necessary to prepare his petition, but delays in obtaining such funding have made it impossible for him to file his petition in a timely manner.

Petitioner generally challenges the budget process that private counsel representing

1  condemned prisoners are required to follow in capital habeas actions in the District Courts of the
2  Ninth Circuit. The Court rejects Petitioner's arguments in this regard, as the Court has an
3  obligation to ensure that public funds are not wasted.

4  However, budgeting the present action has been particularly and unusually time-
5  consuming. As a result, Petitioner's budget is finally being approved (with virtually all of the
6  hours and expenses requested by Petitioner being granted) during the week that the petition is
7  currently due. It is therefore simply impossible for Petitioner to complete his petition before the
8  current deadline; Petitioner needs two additional months.

9  The Court finds and concludes that Petitioner has been pursuing his rights diligently yet
10 extraordinary circumstances stand in his way and prevent timely filing of his capital habeas
11 petition. Accordingly, the Court grants Petitioner's Second Motion for Equitable Tolling, (Docs.
12 Nos. 23 & 25); the Court need not consider Petitioner's additional arguments in support of his
13 Motion. Petitioner shall file his finalized petition on or before November 28, 2012. The Court
14 does not anticipate that additional equitable tolling will be warranted.

15 Although Petitioner has been diligent in attempting to prepare his petition, he was not
16 diligent in moving for additional equitable tolling. As a result, Respondent was unfairly
17 burdened in responding to Petitioner's motion; Respondent nonetheless responded promptly and
18 professionally in a particularly praiseworthy manner. Accordingly, the Court grants
19 Respondent's Motion to Accept Late Filing of Response in Opposition to Petitioner's Second
20 Motion for Equitable Tolling, (Docs. Nos. 27 & 29); the Clerk shall terminate as moot the
21 parties' related Stipulation and Proposed Order to Shorten Time, (Doc. No. 26). Petitioner is
22 admonished to file future motions in a timely manner.

*It is so ordered.*

26 DATED: September 25, 2012

_____
EDWARD J. DAVILA
United States District Judge

2

Case No. 5-11-cv-3062-EJD
ORDER GRANTING 2D MOT. FOR EQUITABLE TOLLING & MOT. TO ACCEPT LATE FILING OF RESPONSE
(DPSAGOK)

Case5:11-cv-03062-EJD  Document30  Filed09/25/12  Page9 of 9

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LEE SMITH, JR.,

    Plaintiff,

v.

MICHAEL MARTEL et al,

    Defendant.

Case Number: CV11-03062 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

California Appellate Project
Federal Court Docketing
101 Second Street Suite 600
San Francisco, CA 94105

Michael David Laurence
Habeas Corpus Resource Center
303 Second Street Suite 400
San Francisco, CA 94107

Robert Lee Smith H-95100
San Quentin State Prison
San Quentin, CA 94974

Dated: September 25, 2012

                                Richard W. Wieking, Clerk
                                /s/ By: Elizabeth Garcia, Deputy Clerk

3

Case No. 5-11-cv-3062-EJD
ORDER GRANTING 2D MOT. FOR EQUITABLE TOLLING & MOT. TO ACCEPT LATE FILING OF RESPONSE
(DPSAGOK)