UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT LEE SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS,<br><br>    Respondent. | Case No. 11-cv-03062-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE AMENDED PETITION AND FOR CONTINUED STAY**<br><br>Re: Dkt. Nos. 67, 69 |

Petitioner has filed a Motion To File Amended Petition And For Continued Stay. ECF Dkt. No. 67. Petitioner, who is currently exhausting claims in state court, requests this Court to temporarily lift the stay imposed on his federal petition, amend his federal petition to include additional "materials and facts discovered in the exhaustion process", and re-impose a stay pending the conclusion of exhaustion proceedings. ECF Dkt. No. 71 at 2. Respondent opposes petitioner's request on the grounds that petitioner's requested amendment is untimely. For the reasons discussed below, petitioner's Motion is DENIED.

**Background**

In 1993, a jury convicted petitioner of the first degree murders of Michelle Dorsey and James Martin, among other offenses, and found true the special circumstances that petitioner committed multiple murders and that each murder was committed in the course of a robbery.

Case No.: 11-cv-03062-EJD
ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE AMENDED PETITION AND FOR CONTINUED STAY

1

Petitioner was sentenced to death. The Supreme Court of California affirmed his conviction and sentence. *People v. Smith*, 40 Cal. 4th 483 (2007).

On June 6, 2006, petitioner filed his state petition for a writ of habeas corpus. The Supreme Court of California denied this petition on June 15, 2011. Following the grant of equitable tolling, petitioner filed a federal habeas petition on November 28, 2012. On September 11, 2013, this Court granted petitioner's motion for a stay pending exhaustion of claims in state court. ECF Dkt. No. 52. Petitioner filed an exhaustion petition on May 19, 2014. That petition remains pending before the California Supreme Court.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows pleading amendments "with leave of court" any time during a proceeding. A pleading may be amended once as a "matter of course" before a responsive pleading is served. Fed. Rule Civ. Proc. 15(a). When proposed claims in an amendment are barred by the statute of limitations, Fed. Rule Civ. Proc. 15(c)(2) provides for the relation back of claims to the original pleading if the claims asserted in the amended pleading arise out of the conduct, transaction or occurrence set forth in the original pleading. In *Mayle v. Felix*, 545 U.S. 644, 654 (2005), the United States Supreme Court held that "so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."

Petitioner concedes that the one-year statute of limitations imposed on his petition by the Anti-Terrorism and Effective Death Penalty Act has run. *See* 28 U.S.C. § 2244(d)(1), ECF Dkt. No. 67 at 5, ECF Dkt. No. 71 at 2. Petitioner's requested amendment may be warranted if he demonstrates that his new claims relate back to claims contained in his petition. *Mayle*, 545 U.S. at 654; *King v. Ryan*, 564 F.3d 1133, 1142-43 (9th Cir. 2009).

Petitioner fails to make this showing. In fact, petitioner declines to identify the changes incorporated into his amended petition beyond stating that it contains previously pled claims, as well as "additional facts and circumstances relating to those claims". ECF Dkt. No. 71 at 1.

Petitioner contends that respondent "is not entitled to a track-changes document as to an amended petition" and "can do his own document comparison". *Id*. at 5.

Having failed to even identify his proposed amendments, petitioner clearly has not demonstrated that any proposed amendments relate back to claims in his original petition. Absent such a showing, petitioner's proposed amendments are time-barred. *See, e.g., Chavarria v. Hamlet*, 2010 WL 1461040 at * 3 ("[w]here an amendment is sought to reopen a habeas action that has been stayed to allow the petitioner to exhaust claims not in the original petition, the newly-exhausted claims must "relate-back" to the timely, exhausted claims in the original petition").

Petitioner argues that his request for amendment is supported by *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). In *Pace*, the United States Supreme Court stated, in dicta, that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good faith' for him to file in federal court." *Id*. at 416. *Pace* in no way compels the amendment of petitioner's petition.

Respondent further contends that although he will "someday" explain how his amendments relate back to claims in his original petition, it is not necessary to do so at this juncture. ECF Dkt. No. 71 at 6. The grant or denial of an amendment however, is not warranted if amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given unless amendment is futile, untimely, prejudicial or sought in bad faith or with a dilatory motive); *Wyatt v. McDonald*, 2011 WL 6100611 at *7 (petitioner's motion to amend his petition would be futile because new claims are time-barred by statute of limitations). Petitioner has failed to demonstrate that amendment of his petition is warranted.

//

//

//

Case No.: 11-cv-03062-EJD
ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE AMENDED PETITION AND FOR CONTINUED STAY

3

## CONCLUSION

For the above-mentioned reason, petitioner's motion is DENIED.  Additionally, petitioner's Administrative Motion To File Exhibits To Amended Petition Under Seal, filed concurrently with his Motion To File Amended Petition, is DENIED as moot.

**IT IS SO ORDERED.**

Dated: December 18, 2018

_____
EDWARD J. DAVILA
United States District Judge