# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

ROBERT LEE SMITH,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

Case No. 11-cv-03062-EJD

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S RENEWED MOTION TO FILE AMENDED PETITION**

Re: Dkt. Nos. 76

## INTRODUCTION

On December 18, 2018, the Court denied without prejudice petitioner's Motion To File Amended Petition And For Continued Stay on the grounds that petitioner failed to demonstrate that his new claims relate back to claims contained in his petition, as required by *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Petitioner subsequently filed a Renewed Motion To File Amended Petition, And Motion To Deem Claims Exhausted, Or, Alternatively, For Continued Stay/Abeyance. ECF Dkt. No. 76. Respondent filed an opposition on February 7, 2019. Petitioner filed a reply on February 14, 2019. For the reasons outlined below, petitioner's motion is DENIED WITHOUT PREJUDICE to refiling once petitioner completes his exhaustion proceedings.

## BACKGROUND

In 1993, a jury convicted petitioner of the first degree murders of Michelle Dorsey and James Martin, among other offenses, and found true the special circumstances that petitioner committed multiple murders and that each murder was committed in the course of a robbery.

Petitioner was sentenced to death. The Supreme Court of California affirmed his conviction and sentence. *People v. Smith*, 40 Cal. 4th 483 (2007).

On June 6, 2006, petitioner filed his state petition for a writ of habeas corpus. The Supreme Court of California denied this petition on June 15, 2011. Following two grants of equitable tolling, petitioner filed a federal habeas petition on November 28, 2012, the last day of his one-year limitations period.[1] ECF Dkt. No. 31. On September 11, 2013, the petition was stayed pending petitioner's exhaustion of claims in state court. ECF Dkt. No. 52. Petitioner filed a state exhaustion petition on May 19, 2014. That petition remains pending before the California Supreme Court.

## LEGAL STANDARD

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. A party may amend a pleading once as a matter of course before a responsive pleading is served, and by leave of court or consent of the adverse party thereafter. Fed. Rule Civ. Proc. 15(a). Leave to amend "shall be freely given when justice so requires." *Id*. In *Foman v. Davis,* 371 U.S. 178 (1962), the United States Supreme Court set forth factors courts should consider in deciding whether to grant leave to amend. They include undue delay, bad faith or dilatory motive on the part of the movant, prejudice to the opposing party by allowance of the amendment, and futility of the amendment. *Id.* at 182; *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1996). Amendment may be futile if the statute of limitations bars a cause of action. *United States v. Pittman*, 209 F.3d 314, 318-19 (4th Cir. 2000).

When proposed claims in an amendment are barred by the statute of limitations, Fed. Rule Civ. Proc. 15(c)(2) provides for the relation back of claims to the original pleading if the claims asserted in the amended pleading arise out of the conduct, transaction or occurrence set forth in the

---

[1] The Court's Order granting equitable tolling a second time admonished petitioner to file future motions in a timely manner. ECF Dkt. No. 30.
Case No.: 11-cv-03062-EJD
ORDER DENYING WITHOUT PREJUDICE PETITIONER'S RENEWED MOTION TO FILE AMENDED PETITION

2

original pleading. In *Mayle v. Felix*, 545 U.S. 644, 654 (2005), the United States Supreme Court held that "so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."

**DISCUSSION**

Petitioner seeks to amend his petition to include "additional materials and facts discovered in the exhaustion process." ECF Dkt. No. 76 at 10. He argues that but for the fact that his case is stayed, he would have a right to file an amended petition without leave of court pursuant to Fed. R. Civ. Proc. 15(a)(1) because a responsive pleading has not yet been filed. *Id*. at 9. Given that his case is stayed however, petitioner must seek leave of court to file an amendment. Petitioner offers a chart of his proposed amendments that aims to "provide the Court and Respondent sufficient information to identify any aspects of claims in the Amended Petition which may present issues of lack of exhaustion or statute of limitations issues." *Id*. at 8. Respondent opposes petitioner's motion.

Petitioner fails to demonstrate that temporarily lifting and re-imposing a stay at this time is warranted. He asserts because "California does not have a defined timeliness standard which applies to state habeas petitions", it is not known whether his new claims will be deemed timely in state court. *Id*. at 18. Petitioner alleges that "there is a danger that any new matters in state court might be subject to preclusion unless an Amended Petition is filed." *Id*. at 14. He seeks amendment now in order to preserve his ability to receive federal review of the merits of his claims. Petitioner's arguments however, fail to overcome the fact that his new claims are already untimely in federal court. He filed his federal habeas petition on November 28, 2012, the last day of his limitations period. *See* ECF Dkt. Nos. 30 &31. He now seeks to amend his petition over six years later, in February 2019. Petitioner broadly asserts that his new allegations are not untimely based on principles of equitable tolling, statutory tolling and relation back. He asserts that as to each new claim, the impediment to timely presentation was "state court limitations on funding, limitations on discovery in state court, and the State suppressing evidence." ECF Dkt.

Case No.: 11-cv-03062-EJD
ORDER DENYING WITHOUT PREJUDICE PETITIONER'S RENEWED MOTION TO FILE AMENDED PETITION

3

No. 76 at 11, citing ECF Dkt. 68, exhibits 242 & 243 (attorney declarations, executed in 2014, describing state limits on funding and discovery). Finally, petitioner attributes all delay to "state actors", including the "state court briefing" and adjudication process. ECF Dkt. No. 78 at 5. To the extent that petitioner blames the lack of state funding for the delayed presentation of his claims, it is not clear why the availability of federal funding during the preparation of his federal petition did not permit him to present all of his claims in a timely manner. Furthermore, to the extent that petitioner alleges that his new claims relate back to existing claims, his discussion of this issue is mostly comprised of a convoluted laundry list of revisions rather than a cogent discussion of any common core of operative fact between new and existing claims. *See Mayle*, 545 U.S. at 654. Overall, petitioner's perfunctory, conclusory allegations do not establish the timeliness of his claims or justify his delay in raising them.

## CONCLUSION

For the above-mentioned reason, petitioner's motion is DENIED without prejudice to refiling once petitioner completes his exhaustion proceedings. The hearing scheduled for February 28, 2019 is vacated.

**IT IS SO ORDERED.**

Dated: February 26, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 11-cv-03062-EJD
ORDER DENYING WITHOUT PREJUDICE PETITIONER'S RENEWED MOTION TO FILE AMENDED PETITION
4